## Commonwealth v. Kennon.

(Decided April 18, 1911.)

### Appeal from Powell Circuit Court.

Sheriffs—Indictment—Failure to Collect Taxes—Allegations—Sufficiency—Under Ky. Statutes, Sec. 4147, requiring sheriffs and other tax collectors to report on the first day of certain months the amount of State and county taxes and all fines and forfeitures collected or received by him and the disposition made thereof, and imposing a fine for a failure to do so, an indictment which fails to charge that the sheriff has violated this section by failing to collect and report the amount of taxes collected by him is defective and will not uphold the prosecution.

JAMES BREATHITT, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, for appellant.

JOHN D. ATKINSON for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

John Kennon, sheriff of Powell county, was indicted by the grand jury in said county for failure to report under oath to the county court of Powell county on the 1st day of December, 1909, the amount of State and county taxes theretofore collected by him and the disposition he had made thereof, etc., as provided for in section 4147, Kentucky Statutes.  He entered a general demurrer to this indictment, which was sustained.  The Commonwealth appeals.

The statute under which this indictment was drawn is as follows:

"The sheriff or collector of the State and county revenue of each county of this Commonwealth shall, on the first day of May, June, July, August. September, October, November and December in each year, report under oath to the county court of this county the amount of State and county taxes he has collected, together with all fines, forfeitures or money, or any other account that shall have been received or collected by him, showing in said report the amount collected for and belonging to each particular fund, for which such money or revenue may be intended, and the disposition of such revenue or money collected by him. Said report shall be filed and recorded in a separate book furnished by the county clerk for that purpose, which shall be open for inspection in the office of the county clerk. Any sheriff or collector who shall fail to report as herein required shall be liable to indictment in the county of his residence, and fined not less than one hundred dollars nor more than five hundred dollars for each offense."

The indictment fails to charge that, prior to the first day of December, 1909, the sheriff had collected any taxes due the State and county, or other public moneys of any kind or character whatever. There is no allegation that any money has theretofore come to his hands. The statute does not require that the sheriff will report at stated intervals whether or not any money has come to his hands, but only that he will report what moneys have come to his hands and the disposition he has made thereof. He is charged only with such duties as the law imposes upon him as to settlements, and in the absence of a showing that some moneys had come to his hands by virtue of his office prior to the time specified in the indictment and since the date of his last settlement, it can not be charged that he has violated the section of the statute, the aid of which is here invoked to uphold the prosecution.

The indictment was fatally defective for the reasons indicated, and the judgment of the lower court is affirmed.